UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENERANDO M. GANO,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 16-cv-04358-JSW<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE LATE OPPOSITION AND FURTHER ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 45, 50 |

On October 23, 2017, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute due to Plaintiff's failure to file a timely opposition to Defendant's motion to dismiss. Plaintiff's attorney Mark W. Lapham, Esq. has filed a response to the order to show cause as well as a motion seeking leave to file a late opposition.

**I.      The Court Will Not Dismiss Plaintiff's Case for Failure to Prosecute.**

In light of Mr. Lapham's response to the order to show cause, the Court will not dismiss Plaintiff's case for failure to prosecute.

Under Federal Rule of Civil Procedure 41(b),[1] a court may dismiss due to the "failure of the plaintiff to prosecute or to comply with these rules or any order of court." In determining whether to dismiss for failure to prosecute, a court must weigh four factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

---

[1] In his response to the order to show cause, Mr. Lapham argues that "Motions to Dismiss for delay in prosecution are governed by California Rule of Court 3.1342 . . . and Cal. Code of Civil Procedure . . . 583.130." (Response at 2.) This may be true in California state court, but in this court, the Federal Rules of Civil Procedure govern dismissals for failure to prosecute. *See, e.g.*, *Veliz v. Cintas Corp.*, No. C03-01180 (SBA), 2007 WL 1686978, at *1 (N.D. Cal. June 7, 2007).

merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

While the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal, the Court concludes that these factors are outweighed by the public interest in seeing cases resolved on their merits and the lack of prejudice to Defendant. At most, Defendant will lose a quick victory and be called on to continue defending this action. This, however, is not the type of prejudice Rule 41 is designed to prevent. *Cf. TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (explaining that losing the windfall benefit of a quick victory is not prejudice). Finally, because Plaintiff's failure to prosecute is the result of his attorney's negligence, the Court finds a less drastic alternative to dismissal is available, namely admonishing (and possibly sanctioning) Mr. Lapham.

Accordingly, the Court hereby DISCHARGES its order to show cause and will not dismiss Plaintiff's action for failure to prosecute.

## II. The Court Accepts Plaintiff's Late-Filed Opposition.

As ordered by the Court, Mr. Lapham has attached an opposition to Defendant's motion to dismiss to his response to the order to show cause. He has also filed two motions seeking to have this late opposition filed.

Under Federal Rule of Civil Procedure 6, when an "act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," the Court "must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

As discussed above, the Court finds that there is no risk of prejudice to Defendant in accepting the late-filed opposition. Second, given that this case remains in the pleading stage, the Court finds the one-month delay (while not *de minimis*) has not adversely affected these

proceedings. As to the reasons for delay and whether Mr. Lapham acted in good faith, the Court accepts, for purposes of the "excusable neglect" analysis, Mr. Lapham's representation that Defendant's motion "fell through the cracks" due to the life stresses experienced by his legal assistant. The Court notes that the Ninth Circuit has held that calendaring mistakes by an attorney or staff can constitute "excusable neglect." *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc); *see also Ahanchian*, 624 F.3d at 1261.

In light of the above factors, and to prevent Mr. Lapham's negligence from prejudicing his client, the Court will GRANT Plaintiff's motion for leave to file the opposition.[2]

Defendant may file a reply to Plaintiff's opposition by **Friday, November 10, 2017**. Should the Court determine that a hearing on Defendant's motion to dismiss is necessary, it will set one at a later date by further order.

### III. Mr. Lapham is Ordered to Show Cause Why He Should Not Be Sanctioned.

In his declaration in support of his response to the order to show cause, Mr. Lapham states that he can "only surmise" that Defendant's motion to dismiss, and his need to file an opposition, "fell through the cracks." (Dkt. No. 44-1, Lapham Decl. ¶ 8.) He claims this occurred because his research assistant (1) was forced to find a new apartment on an emergency basis and (2) took a trip to Spain from October 1 to October 18. (*Id.* ¶¶ 6-7.) The Court has accepted this explanation for purposes of the failure to prosecute and excusable neglect analyses. The Court, however, finds this excuse unacceptable from a professional conduct perspective.

California Rule of Professional Conduct 3-110(A) provides that an attorney "shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." Failure to properly supervise office staff constitutes a violation of this rule. *See, e.g.*, *In re White*, 121 Cal. App. 4th 1453, 1463-64 (2004). Further, the Court takes extremely seriously an attorney's obligations to follow the Federal Rules of Civil Procedure, the local rules, and the Court's orders. An attorney may not delegate this responsibility to his or her office staff. By failing to properly monitor the docket of this case and comply with a clear deadline, Mr. Lapham's performance has

---

[2] Plaintiff's motion to withdraw docket numbers 46 through 49 as filed in error is GRANTED.

3

fallen below the level of competence this Court expects of members of the Bar.

In light of the above, Mr. Lapham is ORDERED to show cause why he should be sanctioned in the amount of $500.00.  Mr. Lapham shall file his response to this order to show cause by **Tuesday, November 7, 2017**.

Additionally, Mr. Lapham shall serve a copy of this order on his client and file a certificate of service to this effect by **Thursday, November 2, 2017**.

**IT IS SO ORDERED.**

Dated: October 31, 2017

_____
JEFFREY S. WHITE
United States District Judge